IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTIS CHARLES HARRELL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0240 |
| | § | |
| CATHERINE EVANS, *et al.*, | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER ON DISMISSAL**

Artis Charles Harrell, a state inmate proceeding *pro se*, filed this complaint alleging violations of his civil rights under 42 U.S.C. § 1983. The threshold question is whether plaintiff's claims should be dismissed as frivolous and for failure to state a claim. The Court concludes that this lawsuit fails to state a claim, and should be dismissed for the reasons that follow.

**I. CLAIMS**

Plaintiff claims that Harris County district attorneys, including Catherine Evans and Chuck Rosenthal, violated his constitutional rights in the investigation and prosecution of criminal charges against him. Plaintiff asserts that the district attorneys failed properly to investigate the criminal charges against him; failed to accept his counter-charges against the complainant; arrested him, removed property from his house, and put him in a line-up where he was misidentified as the perpetrator; defamed him in open court by accusing him of multiple crimes; and ultimately convicted him without due process or a fair trial. Plaintiff seeks $3.5 million in damages.

## II.  ANALYSIS

When a party proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist.  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Any claim for monetary damages against the Harris County district attorneys, including Rosenthal and Evans, is barred by the doctrine of absolute immunity.  A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his or her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case.  *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997). Therefore, plaintiff's claims against Rosenthal, Evans, and the unnamed Harris County district attorneys should be dismissed with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); 1915(e)(2)(B)(i), (iii).

Regardless, if plaintiff were successful in this section 1983 action, it would necessarily imply the invalidity of his conviction. Plaintiff fails to show that his conviction has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

### III.  CONCLUSION

This lawsuit is frivolous and fails to state a claim for which relief can be granted, and is **DISMISSED** pursuant to 28 U.S.C. § 1915A. Any pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on May 25, 2006.

_____
Gray H. Miller
United States District Judge